**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

KEWARN JAMES,

        Plaintiff,

    v.

DR. FNU KIDDER, et al.,

        Defendants.

CIVIL ACTION NO.: 2:20-cv-28

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** all claims against Drs. Kitter and Gunderson.  However, I **FIND** one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of an Eighth Amendment deliberate indifference claim against Officer Ductka.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings an Eighth Amendment claim against Dr. Kitter, Dr. Gunderson, and Officer Ductka seeking compensatory damages.  Doc. 1.  Plaintiff claims he was held in a suicide room for 10 days with no water.  Doc. 1 at 3.  Plaintiff asserts he had to use a hole in the ground as a bathroom, which is cruel and unusual punishment.  Id.  Plaintiff further states officer Ductka came to his cell on November 30, 2019.  Id. at 5.  Plaintiff claims he requested a shower,

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

and Officer Ductka denied his request.  <u>Id.</u>  Afterwards, an argument ensued.  <u>Id.</u>  Plaintiff states

he spoke with an unspecified doctor after the argument, and he told this doctor he did not want to

hurt himself.  <u>Id.</u>  Apparently on another occasion, Plaintiff asserts he told someone he needed to

see a nurse for high blood pressure, but the nurse told him there was nothing wrong with him.

<u>Id.</u>

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by

prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During

the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  <u>Id.</u>  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by

attorneys and, therefore, must be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural

rules.  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law

or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251

F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Although Plaintiff lists Dr. Kitter and Dr. Gunderson in his case heading, he does not specifically mention them anywhere else in his Complaint.[2]  Doc. 1 at 2.  The only time Plaintiff even mentions a doctor is when he states he told an unspecified doctor he did not want to hurt himself.  Id. at 5.  This interaction likely does not rise to the level of deliberate indifference, and the Court cannot determine to which doctor Plaintiff is referring.  Although Plaintiff states he was held in a suicide room for 10 days rather than the customary 24–72 hours, Plaintiff does not state who was responsible for placing him there.  Id. at 3.  Plaintiff has not stated sufficient factual matter to bring plausible claims against these two Defendants.  Twombly, 550 U.S. at 570.  For these reasons, I **RECOMMEND** the Court **DISMISS** all claims against Dr. Kitter and Dr. Gunderson.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** all claims against Dr. Kitter and Dr. Gunderson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

---

[2]  Plaintiff mentions several other individuals in his Complaint in passing.  Doc. 1 at 5.  Given Plaintiff has not listed these individuals in his case heading, the Court assumes Plaintiff does not wish to sue these individuals.  Plaintiff has also not identified the nurse he saw for high blood pressure.  Id.

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of April, 2021.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA